[Crim. No. 12204. Fourth Dist., Div. Two. Sept. 23, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
CAROL FORD, Defendant and Appellant.

**COUNSEL**

Dennis Stach, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GARDNER, P. J.**—Defendant was charged with sale of heroin and possession of more than one-half ounce of heroin for sale under Penal Code section 1203.07. At the end of the prosecution's case, the district attorney amended the information as to the Penal Code section 1203.07 allegation by alleging "sale" instead of "possession for sale." No contention is made that the judgment is not supported by substantial evidence. Defendant's contentions on appeal are twofold.

■ (1) That the trial court erred in permitting the amendment to the information. There was no error. This amendment merely conformed to proof and made the 1203.07 allegation consistent with the basic charge. Defendant was in no way prejudiced. She knew at all times that she was charged with the sale and the amendment in no way forced any change in her defense.

(2)   That Penal Code section 1203.07 applies only to the primary seller, not to an aider and abettor. Strangely enough, apparently no appellate decision has considered this issue.

■   Penal Code section 1203.07, subdivision (a)(2) reads, "Any person who is convicted of...selling...one-half ounce or more of a substance containing heroin...." receives an enhanced sentence. From this the defendant contends that the enhancement under this section pertains only to the person who actually handles the sale, i.e., the primary seller. We do not agree. It appears to us rather obvious that the ordinary principles of aider and abettor would apply in this situation. Actually, the only cases in which these principles do not apply are those in which the Legislature has specifically said that such provisions apply only to the individual personally involved. For example, Penal Code section 1203.06 precludes probation for a person who personally uses a firearm; so too, Penal Code section 1203.075 precludes probation for a defendant who personally inflicts great bodily injury on the victim. If the Legislature had intended that Penal Code section 1203.07 was to pertain only to the primary seller, it could and would have said so.

Any other holding would be silly. It would insulate the primary source of the narcotics from an enhanced penalty and hang it only on the street seller. We cannot conceive that the Legislature had any such distinction in mind.

Judgment affirmed.

Tamura, J., and McDaniel, J., concurred.